Argued and submitted September 15, 2009, vacated and remanded for
reconsideration October 27, 2010

In the Matter of the Marriage of

Samal DANG,
*Petitioner-Respondent,*
*and*

Kimleang CHHUN,
*Respondent-Appellant.*

Marion County Circuit Court
04C31216; A133384

242 P3d 680

Jennifer D. Betts, Certified Law Student, argued the cause for appellant. On the brief were W. Warren H. Binford and Clinical Law Program.

Russell Lipetzky argued the cause and filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

ARMSTRONG, J.

## ARMSTRONG, J.

Wife appeals a supplemental judgment, assigning error to the trial court's award of attorney fees to husband. Wife contends that the court erred by relying on unsubstantiated considerations when it exercised its discretion to award husband fees. We agree with wife and, accordingly, vacate the supplemental judgment and remand for reconsideration of husband's attorney-fee petition.

We review the facts *de novo*. ORS 19.415(3) (2007); *Niman and Niman*, 206 Or App 400, 417, 136 P3d 1186 (2006).[1] The parties dissolved their five-year marriage in 2004. In the months before the entry of the dissolution judgment, wife took the parties' children to Cambodia, where she remained until she traveled to other countries with her mother, leaving the children with relatives in Cambodia. As a result of wife's efforts to keep the children from husband, the trial court awarded custody to him in 2006. When the court awarded custody, husband's gross monthly income was $3,050, and wife's potential gross monthly income was about $1,200. In light of the custody proceedings, husband filed an attorney-fee petition pursuant to ORS 107.105(1)(j), seeking about $28,000 in fees. The trial court held a hearing on the matter and awarded husband $15,000 in fees.

In determining whether to award fees, the court considered the factors identified in *Haguewood and Haguewood*, 292 Or 197, 638 P2d 1135 (1981), and ORS 20.075(1). The court referred to several considerations that guided its decision to award a portion of the requested fees to husband, including wife's ability to pay the fees and wife's conduct during the dissolution and custody proceedings. Specifically, the court found:

> "With respect to [wife's] ability to pay fees[,] * * * I've not found her to be credible throughout this proceeding and I look askance at her claims of poverty, frankly.

---

[1] ORS 19.415 was amended in 2009. Or Laws 2009, ch 231, § 2. The amendments apply to appeals in which the notice of appeal was filed on or after June 4, 2009. Or Laws 2009, ch 231, § 3. Because the notice of appeal in this case was filed before that date, we apply the 2007 version of ORS 19.415 and the applicable case law.

"The evidence reflects that she was able to afford to travel throughout [the proceeding], as I recall, it was Australia, so there's money coming from somewhere. She works for her sister.

"* * * I believe that she probably has access to some resources that she's not describing to the Court, and maybe that is simply the generosity of her parents and not something that she could legally claim an entitlement to. I don't know. I certainly can't quantify that, but again, I'm not impressed that she is as impoverished as she maintains.

"The second consideration[,] with regard to ability to pay, is the fact that [wife] has had pro bono counsel. * * * I'm glad that she was able to have counsel in this proceeding. But having said that, the bottom line is she has not been conducting these proceedings on her own dime, and [husband] has."

■      On appeal, wife contends that the trial court erred in finding that wife has the ability to pay husband's attorney fees and thereby erred in exercising its discretion to award husband fees. Wife argues that that finding was based on the court's improper speculation about wife's financial resources and inappropriate consideration of wife's pro bono representation in the proceedings. In response, husband contends that the court used appropriate criteria and, therefore, did not abuse its discretion.[2] Although we question whether wife's pro bono representation is a consideration that could bear on an award of fees, we limit our analysis to wife's argument about the court's reliance on wife's access to her family's financial resources. We agree with wife that the court erred in speculating about those resources.

■      Courts are statutorily authorized to award attorney fees in dissolution cases, but they are not required to do so. ORS 107.105(1)(j). We review a trial court's decision to make an award for abuse of discretion. ORS 20.075(3). When exercising its discretion, the trial court is to assess the parties' financial resources, the division of the parties' property in the dissolution, and any support payments, *Haguewood*, 292 Or

---

[2] Husband also contends that the record designated by wife is insufficient for our review of the facts underlying the court's fee award. We reject that argument without discussion.

at 213, as well as the factors set forth in ORS 20.075(1), *Niman*, 206 Or App at 422-23.

As stated above, the court placed great emphasis on wife's financial resources. Wife argued, and it is undisputed on this record, that her potential income was about $1,200 per month, which, after subtracting her monthly expenses, leaves wife with roughly $75 per month to pay husband's attorney fees. Notwithstanding wife's lack of funds, the trial court concluded that wife was not fully forthcoming about her access to financial resources, as shown by wife taking a vacation with her mother before the entry of the dissolution judgment and working for her sister.

However, the court's conclusion that wife has reliable access to her family's financial resources is not supported by any evidence in the record. The court merely noted that wife had taken a trip to Australia with her mother and works for her sister. Those facts are insufficient to support a finding that wife's parents or sister will provide wife financial support, thus giving wife the resources to pay the $15,000 judgment. We conclude, therefore, that the trial court erroneously relied on an unsubstantiated consideration when exercising its discretion to award attorney fees to husband. Accordingly, we vacate the award and remand to the trial court to reconsider husband's attorney-fee petition.

Vacated and remanded for reconsideration.